NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEROY SCHENCK, | : | |
| Plaintiff, | : | Civ. No. 07-5320 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| CROMPTON CORPORATION SEVERANCE PLAN, CROMPTON CORPORATION EMPLOYEE BENEFITS COMMITTEE and CROMPTON CORPORATION, | : : : | |
| Defendants. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Chemtura Corporation's ("Chemtura" or "Defendant")[1] Motion to Dismiss Leroy Schenck's ("Schenck" or "Plaintiff") Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), and Mr. Schenck's Cross-Motion for Summary Judgment. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Defendants' motion to dismiss, and deny Plaintiff's motion for summary judgment.

**BACKGROUND**

Mr. Schenck was an employee of Chemtura from 1972 to April 10, 2003. (Def. Mot. at

---

[1] The Court notes Defendants' suggestion that "Chemtura was formerly known as Crompton Corporation," and that Chemtura is therefore incorrectly sued in this matter as "Crompton Corporation Severance Plan, Crompton Corporation Employee Benefits Committee and Crompton Corporation." (Def. Mot at 1.) Without opining on the merits of that assertion, the Court will refer to Defendants herein as Chemtura.

2; Compl. at 1.) While an employee of Chemtura, Mr. Schenck filed a claim for long-term disability. That claim was approved on February 21, 2003 by the administrator (the "Administrator") of Chemtura's Long-Term Disability Plan. (Def. Mot. at 2; Pl. Opp'n at 1.) On April 10, 2003, Mr. Schenck was terminated because of that disability. (Def. Mot. at 2; Compl. at 2-3.) At the time, Mr. Schenck was deemed not to be entitled to severance under the Chemtura Severance Plan (the "Severance Plan") because of his disability status. (Def. Mot. at 2; Pl. Opp'n at 1.) Plaintiff submits, however, that the "disability determination was subsequently reversed by [the Administrator] in February 2004, when [it] determined that Mr. Schenck was not disabled and therefore was not entitled to collect his disability benefits." (Pl. Opp'n at 1.)

Plaintiff filed his initial complaint (the "Initial Complaint") in the New Jersey Superior Court, Law Division for Somerset County on June 8, 2007. (Def. Mot. at 1; Certification of Alan Levy ("Levy Cert.") Ex. B.) Plaintiff then entered a voluntary dismissal of the state action without prejudice on October 30, 2007. (Def. Mot. at 2; Levy Cert. Ex. D.)

On November 6, 2007, Plaintiff filed a complaint (the "Complaint") in this Court alleging that he was entitled to "compensatory damages equal to the severance benefit payable under the . . . Severance Plan," as well as "attorney fees, costs of suit and such other relief as the Court deems just under the circumstances." (Compl. at 4.) Defendants filed a motion to dismiss the Complaint on December 7, 2007. (Docket Entry No. 4.) On January 14, 2007 Plaintiff filed his opposition to Plaintiff's motion as well as a cross-motion for summary judgment. (Docket Entry No. 10.)

## DISCUSSION

### I. Defendants' Motion to Dismiss

#### A. Standard

Federal Rule of Civil Procedure 12(b)(6) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defense[] by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .

FED. R. CIV. P. 12(b).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. *Id*. at 1965-66 (abrogating *Conley*'s standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. *Id*. at 1965.

The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974)).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied* 510 U.S. 1042 (U.S. Jan. 10, 1994) (No. 93-661).

   B. Application

Defendants submit that many of Plaintiff's allegations are preempted by the Employment Retirement Income Security Act ("ERISA"), and that Plaintiff fails to state a claim because Defendants' denial of severance benefits was "required in accordance with the language of the [P]lan . . . ." (Def. Mot. at 4, 7.)

Under 29 U.S.C. § 1144(a), "ERISA 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by ERISA." *Egelhoff v. Egelhoff*, 532 U.S. 141, 146 (2001), *quoting* 29 U.S.C. § 1144(a).  Courts have consistently held that the term "relate to" is to be read broadly. *Egelhoff*, 532 U.S. at 146, *citing New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655 (1995).  In fact, a state law is to be deemed to "relate to" an ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff*, 532 U.S. at 147, *quoting Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983).

Defendants contend, as a threshold matter, that "[a]ll of [P]laintiff's claims arise from his claim for severance benefits under a severance benefits plan governed by ERISA." (Def. Mot. at 4.)  Defendants conclude that since ERISA "is at the heart of each and every cause of action alleged by Plaintiff, any state law seeking civil recovery or complaining that the Plaintiff was not

4

treated appropriately under the Plan, is 'related to' an employee welfare benefit plan, and thus, is preempted by ERISA." (*Id.* at 6.) Defendants submit that "some of the allegations in the Complaint sound in breach of contract and allege state law based common law damages," and should be therefore be dismissed. (*Id.* at 4.)

In addition, Defendants posit that "pursuant to governing ERISA law, where the written plan states that plaintiff is ineligible for severance benefits, he has no rights to such benefits." (*Id*. at 7.) Turning to the language of the Severance Plan, Defendants argue that Plaintiff had applied for and was receiving long-term disability benefits at the time of his termination" and was therefore "ineligible to receive any severance benefits . . . ." (*Id*. at 8.)

Plaintiff responds that Defendants "conspicuously omitted information which is clearly material to a resolution of this litigation." (Pl. Opp'n at 1.) Indeed, Plaintiff submits that the Administrator's disability determination prior to Mr. Schenck's termination was subsequently reversed in February 2004 "when [the Administrator] determined that Mr. Schenck was not disabled and therefore was not entitled to collect his disability benefits." (*Id.*) Plaintiff contends that "as a result of the erroneous determination by the Administrator, Mr. Schenck was denied both the severance benefits under the Plan and his long-term disability benefits. (*Id*. at 2.)

Reviewing the language of the Complaint, the Court holds that Mr. Schenck's claims are properly set forth under ERISA. Plaintiff in fact repeatedly acknowledges that the Plan and this action are governed by ERISA. (Compl. at 3, ¶¶ 9-12.) The Court is not convinced by Defendants' argument that some of his claims are in fact covert contract claims. Tellingly, Defendants fail to specify which elements of the Complaint are objectionable to them.

Turning to the second part of Defendants' argument, the Court holds, as a threshold

5

matter, that it is entitled to take into consideration the Severance Plan attached as an exhibit to the Motion to Dismiss without converting Defendants' motion to dismiss into a motion for summary judgment.  That document is undisputedly authentic, since Mr. Schenck's claims are based upon that document.  *See Pension Benefit*, 998 F.2d at 1196.

Having reviewed the language of the Severance Plan, the Court holds that the Defendants' denial of Mr. Schenck's severance benefits was valid at the time of the initial denial.  Indeed, the Severance Plan provides that it "is designed to provide financial assistance if [Mr. Schenck's] employment with the Company should end due to an Involuntary Termination," and excludes from the meaning of "Involuntary Termination" any situation in which "employment is terminated on account of . . . disability." (Declaration of Joseph Genovese, Jr. ("Genovese Decl.") Ex. A at 1.)  Since Defendants' disability determination was reversed, however, the Court cannot now hold – accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the Plaintiff – that Plaintiff has failed to set forth plausible grounds for his severance benefits claim.  Accordingly, Defendants' motion to dismiss is denied.

    II.      **Plaintiff's Motion for Summary Judgment**

The Administrator's revocation of Mr. Schenck's disability status leads the Plaintiff, in turn, to move for summary judgment.  Indeed, Plaintiff submits that "given the undisputed facts involved here . . . it is clear that Mr. Schenck is entitled to the relief requested in his Complaint" and that the Court should enter judgment in his favor for $38,11.08.  (Pl. Opp'n at 2.)

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P.  56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*,

789 F.2d 230, 232 (3d Cir. 1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor).  In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

  Plaintiff submits that once the Administrator reversed its ruling on Mr. Schenck's disability status, the Defendants were under an obligation to provide Mr. Schenck with severance pay because he qualified as an involuntarily terminated employee under the Plan.  Indeed, the Plan provides that "[a]s a Participant you will be eligible for Severance Benefits upon: (a) your Involuntary Termination . . . ."  (Genovese Decl. Ex. A at 3.)

  Defendants, however, denounce Plaintiff's request for summary judgment and submit that it should be denied on the grounds that it is "procedurally defective."  (Def. Reply at 3.)  In particular, Defendants suggest that "it lacks the required L. Civ. R. 56.1 statement of material facts or a counter statement to defendant's actual averments in its Motion to Dismiss."  (*Id.* at 4.)

  The Court acknowledges that Plaintiff's request for summary judgment does not fully comply with this Court's Local Rules.  Plaintiffs' opposition was filed as an informal letter brief, and while Plaintiff did not seek permission from the Court to depart from the rules, the Court will nonetheless allow Plaintiff's opposition to stand and will consider it on the merits.

The Court holds that summary judgment is inappropriate at this time, as there remains a genuine issue of material fact on the issue of Mr. Schenck's entitlement to severance pay. The evidence submitted to the Court raises a factual issue whether Mr. Schenck was still barred from receiving severance pay under the Severance Plan once the Administrator removed his disabled classification. Indeed, there also remains a genuine issue of material fact as to whether Mr. Schenck is still be barred from receiving severance benefits under the Plan on grounds other than disability. Accordingly, the Court will deny Plaintiff's motion for summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court will grant Defendants' motion to dismiss and deny Plaintiff's motion for summary judgment. An appropriate form of Order accompanies this Opinion.

Dated: March 7, 2008

                                              s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.